WILLIAM R. TAMAYO - #084965 (CA)
JONATHAN T. PECK - #12303 (VA)
MARCIA L. MITCHELL - #18122 (WA)
EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
San Francisco District Office
350 The Embarcadero, Suite 500
San Francisco, CA 94105
Telephone No. (415) 625-5651
Fax No. (415) 625-5657

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>FIRST WATCH RESTAURANTS, INC.<br><br>Defendant. | CIVIL ACTION NO. C 06 6143 EMC<br><br>CONSENT DECREE |

1. Plaintiff U.S. Equal employment Opportunity Commission ("Commission" or "EEOC") brought this lawsuit under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991, to correct alleged unlawful employment practices on the basis of sexual harassment and to make whole Rebecca Schley, April Cohick and other similarly situated employees of the defendant aggrieved by the alleged unlawful practices. Plaintiff alleged that Defendant First Watch Restaurants, Inc. (hereinafter "First Watch" or "the Company") unlawfully subjected Ms. Schley, Ms. Cohick and others to a sexually hostile work environment.

2. First Watch denies these allegations.

3. In the interest of resolving this matter, and as a result of having engaged in

comprehensive settlement negotiations, the Commission and First Watch (hereinafter referred to as "the Parties") have agreed that this action should be finally resolved by entry of this Consent Decree. This Consent Decree shall not constitute an adjudication and/or finding on the merits of the case.

4. The parties agree that this Consent Decree resolves all claims arising out of EEOC Charge Numbers 370-2005-01484 (Schley) and 370-2005-01485 (Cohick) and the EEOC's investigation of said charges, including any charges of discrimination which could have been filed with the EEOC by Alina Itkin, Sarah Williams, and Gertrude Sanchez, and all claims plead in the complaint filed in this action. The parties further agree that this Consent Decree constitutes a complete resolution of all claims of sexual harassment under Title VII that have been made, inclusive of claims of retaliation by First Watch against Rebecca Schley, or claims which could have been made by the Commission in this action. This Consent Decree does not, however, resolve any future charges which may arise based on claims which may be brought by other employees of First Watch based upon charges separate and distinct from the conduct which is the subject of the action.

5. This Consent Decree comprises the full and exclusive agreement of the parties with respect to the matters discussed herein. No waiver, modification or amendment of any provision of this Consent Decree shall be effective unless made in writing and approved by all the Parties to this Decree, except that any substantive change, modification or amendment of any provision of this Consent Decree shall require approval by the Court.

NOW, THEREFORE, in consideration of the mutual promises and agreements set forth herein, the sufficiency of which is hereby acknowledged, IT IS ORDERED, ADJUDGED AND DECREED that:

6. This Court has jurisdiction over the subject matter and the parties to this action. This Court will retain jurisdiction over this Decree for all purposes until the expiration of First Watch's obligations as set forth herein.

7. The entry of this Consent Decree will further the objectives of Title VII and will be in the

1  best interest of the Parties, those for whom EEOC seeks relief and the public.

2  8. This Consent Decree is final and binding upon the Parties, their successors and assigns.

**Scope of the Consent Decree**

9. The duration of the Consent Decree shall be two (2) years from the date of entry of the Decree, provided that First Watch has complied substantially with the terms of this Consent Decree. First Watch will be deemed to have complied substantially if the Court has not made any finding or orders during the term of the Consent Decree that the First Watch has failed to comply with any terms of this Consent Decree. During the two-year term of this Consent Decree, this Court shall retain jurisdiction over this matter and the Parties for the purpose of enforcing compliance with the Consent Decree, including issuing such orders as may be required to effectuate its purposes.

**General Injunctive Provisions**

10. **Discriminatory Harassment.** First Watch and its officers, agents, managers (including supervisory employees), successors and assigns, and all those in active concert or participation with them is enjoined from: (a) discriminating against persons on the basis of sex in the terms and conditions of employment; (b) engaging in or be a party to any action, policy or practice that is intended to or is known to them to have the effect of harassing or intimidating any employee on the basis of sex; or (c) creating, facilitating or permitting the existence of a sexually hostile work environment.

11. **Retaliation**: First Watch its officers, agents, managers (including supervisory employees), successors or assigns, and all those in active concert or participation with them, is enjoined from engaging in, implementing or permitting any action, policy or practice with the purpose of retaliating against any current or former employee of First Watch because he or she has in the past, or during the term of this Consent Decree (a) opposed any practice of harassment or other discriminatory acts on the basis of sex made unlawful under Title VII; (b) filed a Charge of Discrimination alleging any such practice; (c) testified or participated in any manner in any investigation (including, without limitation, any internal investigation undertaken by First Watch), proceeding or hearing in

Consent Decree
CIVIL ACTION NO. C 06 6143 EMC

3

1  connection with this case (d) was identified as a possible witness in this action; (e)
2  asserted any rights under this Consent Decree; or (f) sought and/or received any monetary
3  or non-monetary relief in accordance with this Consent Decree.

### MONETARY RELIEF

12. For purposes of this decree, the term "Claimants" refers Rebecca Schley, April Cohick, Alina Itkin, Sarah Williams, Gertrudes Sanchez who the EEOC determined were entitled to recover monetary relief pursuant to this decree. It is expressly agreed by the parties that no other individuals are entitled to any monetary relief under the terms of this decree or stemming from the complaint filed in this lawsuit.

13. In settlement of the EEOC's claims, First Watch shall pay the gross sum of $230,000.00 (Two Hundred Thirty Thousand Dollars and No Cents). The EEOC shall determine the gross amount of monetary relief to which each Claimant is entitled and shall inform Defendant of the amounts within ten (10) days of entry of this decree.

14. The monetary relief for each Claimant shall be issued in checks drafted in their own names and delivered to the EEOC for distribution. First Watch shall make payment in the form of a business check, cashier's check, or certified check. First Watch also will issue an IRS Form 1099 for each of the checks issued pursuant to this paragraph.

    a. First Watch will mail each check and IRS Form 1099 to Marcia Mitchell, Senior Trial Attorney for the EEOC, at 350 The Embarcadero, San Francisco, CA 94105.

    b. Payment of monetary relief to the Claimants shall be contingent on the execution of a release of all claims.

15. Payment shall be made no later than ten (10) days after receiving a signed release from the Claimant as specified in paragraph 14(b), above. The failure of any Claimant to execute a release shall not affect the payment of settlement funds to any Claimant who has satisfactorily executed her own release.

### SPECIFIC INJUNCTIVE RELIEF

16. First Watch affirms the following "Statement of Zero-Tolerance Policy and Equality Objectives":

Consent Decree
CIVIL ACTION NO. C 06 6143 EMC

4

1   First Watch is firmly committed to maintaining a zero-tolerance
2   policy concerning discriminatory harassment and retaliation against
3   individuals who report harassment in the company's workplace; to
4   swiftly and firmly responding to any acts of harassment and
5   retaliation of which the company becomes aware; to implementing
6   a disciplinary system that is designed to strongly deter future acts
7   of harassment or retaliation; and to actively monitoring its
8   workplace in order to ensure tolerance, respect and dignity for all
9   people.
10  This paragraph does not create any individual contractual or common law causes of action or
11  other rights that would not otherwise exist under statute.
12  17.   **EEO and Harassment Policies**
13      a.   First Watch shall maintain Equal Employment Opportunity (EEO) & harassment
14           policies which: (i) include definitions of discriminatory harassment, with specific
15           reference to harassment based on sex; (ii) include examples to supplement the
16           definitions of harassment based on sex; (iii) provide for substantial and
17           progressive discipline and/or corrective action for incidents of discriminatory
18           harassment; (iv) include strong non-retaliation language with examples to
19           supplement the definition of retaliation, (v) provide for substantial and
20           progressive discipline for incidents of retaliation; (vi) provide that complaints of
21           harassment and/or retaliation will be accepted irrespective of whether they are
22           made verbally or in writing; (vii) provide a timetable for commencing an
23           investigation after a complaint is made or received and for remedial action to be
24           taken upon conclusion of an investigation; and (viii) indicate that, promptly upon
25           the conclusion of the investigation of a complaint, First Watch will communicate
26           to the complaining party the results of the investigation and the remedial actions
27           taken or proposed, if any.
28      b.   First Watch shall effectively disseminate its policies and procedures by:

|   |   |      |                                                                                   |
|---|---|------|-----------------------------------------------------------------------------------|
| 1 |   | i.   | distributing copies of the policy to all current employees within 30 days of its adoption; |
| 3 |   | ii.  | Giving a copy of the policy to and reviewing the policy with all new employees upon the employees' hire. |
| 5 |   | iii. | Requiring each employee who receives a copy of the policies and procedures to sign a statement acknowledging their receipt fo the policies. |

    c.    In the event that First Watch decides to revise its EEO policies and procedures during the term of the decree, First Watch will submit a copy of the revised EEO and harassment policies to EEOC to the EEOC for its review at least thirty (30) days before the anticipated date of implementation. The EEOC will notify First Watch within fourteen (14) days of receipt of the revised policies if it has any concerns about the proposed revisions.

**Complaint Procedures**:

    d.    First Watch shall maintain a complaint procedure designed to encourage employees to come forward with complaints about violations of its harassment policy. As part of the policy, First Watch shall provide its employees with convenient, confidential and reliable mechanisms for reporting incidents of harassment and retaliation. First Watch's complaint procedure and harassment policy shall notify employees that they can lodge a complaint with their immediate supervisor or the People Department and shall provide the name and telephone numbers for the Director of the People Department. Contact information for the Director of the People Department also shall be continuously posted in a prominent place at all of First Watch's business locations.

    e.    First Watch will submit a copy of the complaint procedures to the EEOC at the same time it submits its certification of completion of training as required below.

18.    <u>Posting of Notice.</u> The attached Notice shall be, and remain, posted in a clearly visible location frequented by employees at each of First Watch's restaurants during the term of this Consent Decree.

Consent Decree
CIVIL ACTION NO. C 06 6143 EMC

6

## TRAINING

19. <u>Training of Employees</u>. First Watch shall maintain a policy and practice of requiring all new employees to receive anti-harassment training at the commencement of their employment and refresher training every six months throughout the duration of this Consent Decree. The purpose of said training shall be to give participants a thorough understanding of harassment issues, particularly sexual harassment, including but not limited to theories of liability under Title VII, sources of legal protection for sexual harassment victims and the employer's obligation to take preventive, investigative and remedial action with respect to harassment complaints and to review company policies (including discipline policies) and practices related to sexual harassment and retaliation. The training shall be designed by First Watch in consultation with Daniel E. Burke, a partner with Graydon Head & Ritchey LLP, who will provide legal counsel regarding the current status of the law. The training will be presented by Joel Petersen, Vice President of Management Development and Training and/or Carol Porter Newberry, Vice President People and conducted with specific reference to the anti-harassment policies of the First Watch. First Watch can supplement in-person training with on-line training from the www.LawRoom.com website to satisfy all requirements of this paragraph with the exception of instruction regarding employees' responsibilities under First Watch's anti-harassment policies.

20. <u>Training of Managers.</u> First Watch shall maintain a policy and practice incorporating a minimum of one-hour of anti-harassment training for all new managers. New managers shall receive such training no later than sixty (60) days of their hire or promotion into a management position. The purpose of said training shall be to give participants a thorough understanding of harassment issues, particularly sexual harassment, including but not limited to theories of liability under Title VII, sources of legal protection for sexual harassment victims and the employer's obligation to take preventive, investigative and remedial action with respect to harassment complaints and to review company policies (including discipline policies) and practices related to sexual harassment and

retaliation. The training also shall inform managers of their responsibilities under First Watch's anti-harassment policies and shall specifically instruct them regarding the supervisor accountability provisions in paragraph ~~25~~ 24, below. First Watch may utilize on-line training from the www.LawRoom.com website to satisfy all requirements of this paragraph with the exception of instruction regarding managers' responsibilities under First Watch's anti-harassment policies and supervisor accountability.

    a.    In the event that First Watch decides to use an on-line training program other THAN ~~the~~ www.LawRoom.com, for either the training provided under this paragraph, or the training provided under paragraph 19, above, First Watch will notify the EEOC, providing the website address for the new website for the EEOC's review and consideration at least thirty (30) days before the anticipated date of implementation. The EEOC will notify First Watch within fourteen (14) days of receipt of the new website if it has any concerns regarding the website's compliance with THIS PARAGRAPH OR paragraph 19, above.

21. Supervisors and/or managers who will assume responsibility for enforcing Defendants' EEO and harassment policies upon expiration of the Consent Decree shall also receive training on appropriate techniques for documenting and investigating complaints of harassment. The training on investigative techniques can be included as a component of the mandatory discriminatory harassment training.

22. The cost of the training described in paragraphs 19-21, above, shall be borne by Defendants.

23. <u>Acknowledgment of Training Attendance</u>. All persons attending mandatory anti-harassment training pursuant to this Consent Decree shall sign an acknowledgment of their attendance at the training, the date thereof, and their position with the company. First Watch shall retain the originals of these acknowledgments and provide the EEOC with a copies thereof.

**POLICIES DESIGNED TO PROMOTE SUPERVISOR ACCOUNTABILITY**

24. <u>Communication of Potential Discipline for Engaging in Harassment</u>. First Watch shall

impose substantial discipline, up to and including termination, suspension without pay or demotion, upon any supervisor or manager who engages in sexual harassment or permits any such conduct to occur in his or her work area or among employees under his or her supervision, or who retaliates against any person who complains or participates in any investigation or proceeding concerning such conduct. First Watch shall communicate this policy to all of its supervisors and managers.

   a. First Watch shall advise all managers and supervisors of their duty to actively monitor their work areas to ensure employee compliance with the company's anti-harassment policies, and to report any incidents and/or complaints of harassment and/or retaliation of which they become aware to the department charged with handling such complaints.

   b. First Watch shall communicate this policy to all other supervisors and managers at the time they are hired or promoted to supervisor/manager and subsequently, on an annual basis.

**EXPUNGEMENT OF RECORDS AND DISCLOSURE OF INFORMATION REGARDING CLAIMANTS' EMPLOYMENT**

25. First Watch shall not disclose any information or make references to any charges of discrimination or this lawsuit in responding to employment reference requests for information about any of the Claimants.

26. First Watch shall remove from Rebecca Schley's and April Cohick's personnel files any references to a charge of discrimination against First Watch and this lawsuit and shall retain such documents in sealed files separate and apart from all other personnel files.

27. From the date of entry of this Consent Decree, First Watch shall not disclose in response to inquiries from potential employers, any information regarding any Claimants' employment with First Watch except as follows:

   a. In response to a specific inquiry, First Watch may disclose the Claimant's dates of employment, position held and final rate of pay;

   b. First Watch may report any information as required to state or federal authorities;

Consent Decree
CIVIL ACTION NO. C 06 6143 EMC

9

      and;

c.    First Watch may disclose information under Court order;

d.    First Watch shall advise managers and any officials or agents of First Watch who are responsible for responding to employment reference checks of the foregoing.

### REPORTS TO THE COMMISSION

28. <u>Training Report</u> Within thirty (30) days of completion of the training required by this Consent Decree, First Watch will send the EEOC verification of its completion of harassment training for its employees in the form of a sworn declaration of completion from an agent of the corporation and copies of the acknowledgments of training signed by attendees, *see paragraph 23, supra.*.

29. <u>Sexual Harassment Complaint Reports</u> Within six (6) months after entry of this Decree, and every six months thereafter, First Watch will mail to counsel for the Commission a report containing the following information and documentation covering the previous six-month period:

    a.    Copies of all sexual harassment complaints made since the submission of the immediately preceding report hereunder, and a statement as to each, as to the result of the investigation of such complaints. Additionally, First Watch will identify the name, address and telephone number of the complainant and identify the person who received the complaint. First Watch will also detail the results of any investigation into sexual harassment that it has undertaken since the submission of the immediately preceding report. A copy of all records, documents and other writings relevant to such complaints and investigations shall be maintained by First Watch during the period of the Consent Decree and will be made available to the Commission within ten (10) days following a written request from the Commission to First Watch's counsel.

### RETENTION OF JURISDICTION AND EXPIRATION OF CONSENT DECREE

30. This Consent Decree shall terminate two (2) years from the date of entry by the court, unless the Commission petitions this court for an extension of the Decree because of

Consent Decree
CIVIL ACTION NO. C 06 6143 EMC

10

| | |
|---|---|
| 1 | noncompliance by First Watch.  If the Commission determines that First Watch has not |
| 2 | complied with the Consent Decree, the Commission will provide written notification of |
| 3 | the alleged breach to First Watch and will not petition the court for enforcement sooner |
| 4 | than sixty (60) days after providing written notification.  The sixty-day period following |
| 5 | written notice shall be used by the parties for good faith efforts to resolve the issue.  If the |
| 6 | Commission petitions the court and the court finds First Watch to be in substantial |
| 7 | violation of the terms of the Decree, the court may extend this Consent Decree |
| 8 | 31.  Except as provided in the preceding paragraph, two (2) years after the entry of this |
| 9 | Consent Decree, this lawsuit will be dismissed with prejudice, provided that the First |
| 10 | Watch has complied substantially with the terms of this Consent Decree.  First Watch |
| 11 | will be deemed to have complied substantially if the Court has not made any findings or |
| 12 | orders during the term of the Decree that the First Watch has failed to comply with any of |
| 13 | the terms of this Decree. |

***signature page follows***

Consent Decree
CIVIL ACTION NO. C 06 6143 EMC

11

Respectfully submitted,

RONALD S. COOPER
General Counsel

EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
1801 L Street, N.W.
Washington, DC 20507

Dated: 11/13/06                              /S/
                                    WILLIAM R. TAMAYO
                                    Regional Attorney

Dated: 11/13/06                              /S/
                                    JONATHAN T. PECK
                                    Supervisory Trial Attorney

Dated: 11/13/06                              /S/
                                    MARCIA L. MITCHELL
                                    Senior Trial Attorney

EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
San Francisco District Office
350 The Embarcadero, Suite 500
San Francisco, CA 94105
Telephone: (415) 625-5651

Dated: 11/8/06                               /s/
                                    David M. King
                                    CARR MCCLELLAN INGERSOLL
                                    THOMPSON & HORN
                                    216 Park Road
                                    Burlingame, CA 94010
                                    Attorneys for Defendant

IT IS SO ORDERED;

Dated: 11/20/06

                                    U.S. District Judge

                                    EDWARD M. CHEN
                                    UNITED STATES MAGISTRATE JUDGE

Consent Decree
CIVIL ACTION NO. C 06 6143 EMC

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# ATTACHMENT
# "NOTICE"

Consent Decree
CIVIL ACTION NO. C 06 6143 EMC

### NOTICE PUBLISHED PURSUANT TO CONSENT DECREE
### EEOC v. First Watch Restaurants, Inc.
### Civil Action No. C-06-6143

The U.S. Equal Employment Opportunity Commission (EEOC) sued First Watch Restaurants (The Company) for sexual harassment in violation of Title VII of the Civil Rights Act of 1964 (Title VII). The Company denied any liability. Pursuant to a Consent Decree which resolved this lawsuit, Judge Edward M. Chen, of the U.S. District Court, has ordered that this notice be posted until November 2008.

Title VII makes it unlawful for any covered employer to discriminate against any employee or applicant for employment because of sex or subject them to harassment because of their sex. Title VII also prohibits employers from retaliating against anyone who complains of discriminatory practices covered by Title VII, or who participated in the investigation of a complaint or charge of discriminatory practices.

The Company respects the right of its employees and applicants for employment to work in an environment free from discrimination. Accordingly, the Company affirms the following "Statement of Zero-Tolerance Policy and Equality Objectives":

> The Company is firmly committed to maintaining a zero-tolerance policy concerning discriminatory harassment and retaliation against individuals who report harassment in the company's workplace; to swiftly and firmly respond to any acts of harassment and retaliation of which the company becomes aware; to imposing appropriate discipline designed to strongly deter future acts of harassment or retaliation; and to actively monitor its workplace in order to ensure tolerance, respect and dignity for all employees.

Any Company employee who feels that he or she has been the subject of harassment or retaliation or has any similar work-related complaint, concern, or problem should bring it immediately to the attention of their immediate supervisor or the People Department at _____. In compliance with federal law, no official at the Company will retaliate against an employee who makes an internal complaint of discrimination or who contacts the EEOC or its state counterpart.

The EEOC is the federal government agency responsible for enforcing the national laws prohibiting employment discrimination. Further information about the EEOC is available on its website at www.eeoc.gov or at (800) 669-4000.

Dated: _____        _____
                             CEO, First Watch Restaurants, Inc.